```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :    CONSENT PRELIMINARY ORDER OF
                                          FORFEITURE AS TO
           - v. -                         SUBSTITUTE ASSETS
                                     :    S2 14 Cr. 623 (DLC)
ALBERT SHINDER,
                                     :
                Defendant.
------------------------------------x
```

WHEREAS, on or about September 14, 2015, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment imposing a forfeiture money judgment against ALBERT SHINDER (the "defendant") in the amount of $1,099,900 in United States currency (the "Money Judgment")(D.E. 72);

WHEREAS, to date, the Money Judgment remains outstanding;

WHEREAS, the Government has identified the following specific assets consisting of pieces of jewelry seized by the Government on or about May 21, 2014, in which the defendant has an ownership interest:

    a. One gents Rolex watch, Daytona stainless steel, black dial, model # 116520, serial # V926794, appraised value $9,000.00;

    b. One (consisting of two pieces) gents 18K yellow and white gold "BARAKA" chain with circular pendant "BVLGARI" 54.2 DWT, appraised value $2,200.00;

    c. One gents 18K yellow and white gold ring "BARAKA" containing 3 round full cut diamonds,

        approximately .30pts, H color VS2, "movable channel set," 8.30DWT, appraised value $500.00;

   d.  One gents 18K yellow and white gold "BARAKA" bracelet with 9 round full cut diamonds, approximately ½ ct, H color SI1 clarity, channel set, 22.7DWT, appraised value $1,200.00;

   e.  One gents 18K yellow gold diamond ring containing 13 round full cut diamonds, approximately .60pts, J color, VS2/SI1 clarity, center round brilliant cut, 7.3mm x 3.6mm, approximately 1.30ct, I color, I1 clarity, 10.20DWT, appraised value $3,200.00; and

   f.  One gents 18K yellow gold "Ulysse Nardin" San Marco Hourstriker watch model #756-88/E2, serial# 35, with deployment clasp, appraised value $48,000.00;

(a. through c., collectively, the "Seized Assets," and d. through f., collectively, the "Substitute Assets");

WHEREAS, the Government asserts that the Seized Assets and the Substitute Assets are subject to forfeiture pursuant 21 U.S.C. § 853(p) as substitute assets to partially satisfy the defendant's outstanding Money Judgment;

WHEREAS, the Government and the defendant agree to settle without litigation the Government's claim to the Seized Assets and the Substitute Assets as substitute assets pursuant to the terms set forth herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND AGREED** by and between, the United States of America, by United States Attorney Geoffrey S. Berman, by and through Andrew C. Adams,

Assistant United States Attorney, and the defendant, and his counsel, Wayne Gosnell, Esq. that:

1. The Government shall accept a payment from defendant in the amount of $11,700 in United States currency, the combined appraised value of the Seized Assets, in lieu of forfeiture of the Seized Assets (the "Settlement Payment").

2. All of the defendant's right, title and interest in the Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Substitute Assets, the defendant shall remit the Settlement Payment to the Government. The Settlement Payment shall be paid by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

4. Upon receipt, the Settlement Payment shall be applied towards the partial satisfaction of the Money Judgment.

5. Upon receipt of the Settlement Payment, the Government shall arrange for the return of the Seized Assets to

the defendant.

6. In the event that the defendant fails to provide the Settlement Payment to the Government within 30 days of the Court's entry of this Consent Preliminary Order of Forfeiture as to Substitute Assets, the Government shall forfeit the Seized Assets as substitute assets to be applied against the outstanding Money Judgment.

7. Upon entry of this Order, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

8. The defendant shall not file a claim of interest with the Court or otherwise contest the Government's forfeiture of the defendant's interest in the Substitute Assets as a substitute asset and will not assist a third party in asserting any claim to the Substitute Assets.

9. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish notice of this Consent Preliminary Order of Forfeiture of Substitute Assets for at least thirty (30) consecutive days. Any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Asset, and any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person

who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

13. Defendant represents that he is the only owner of the Seized Assets and Substitute Assets, and agree to hold harmless United States of America ("USA"), the Federal Bureau of Investigation ("FBI"), the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), as well as any and all employees, officers, and agents of the USA, the FBI, the DOJ and the USAO-SDNY, from any and all claims in connection with or arising out of the seizure, restraint, and/or constructive possession of the Seized Assets and Substitute Assets including but not limited to any third-party claims of ownership of the Seized Assets and the Substitute Assets.

14. The Defendant is hereby barred from asserting any claim against the United States and any and all agents and

employees of the United States (including but not limited to the Department of Justice ("DOJ"), the United States Attorney's Office, Southern District of New York ("USAO-SDNY"), the Federal Bureau of Investigation ("FBI"), the United States Marshals Service ("USMS"), and any agents and employees of the United States, the DOJ, the USAO-SDNY, the FBI, and the USMS, in connection with, or arising out of, the United States' seizure and forfeiture of the Seized Assets and/or Substitute Assets, including but not limited to any claim that there was no probable cause to seize and hold the Seized Property and/or Substitute Assets, or for costs or attorney's fees.

15. This Consent Preliminary Order of Forfeiture as to Substitute Assets constitutes the entire agreement between the parties on the matters contained herein, and no other statement, promise or agreement, either written or oral, made by either party or agents of either party, that is not contained in this written Consent Preliminary Order of Forfeiture as to Substitute Assets shall be enforceable. Any modifications to this Consent Preliminary Order of Forfeiture as to Substitute Assets shall be in a writing signed by the parties.

16. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Consent Preliminary Order of Forfeiture as to Substitute Assets.

17. The parties to this Consent Preliminary Order of Forfeiture as to Substitute Assets agree to bear their own attorney's fees.

18. This Consent Preliminary Order of Forfeiture as to Substitute Assets shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and the defendant with respect to the forfeitability of the Seized Assets and Substitute Assets and any future property deemed forfeitable to the Government.

19. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Consent Preliminary Order of Forfeiture as to Substitute Assets.

20. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Substitute Assets to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York 10007.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

21. The signature page of this Consent Preliminary Order of Forfeiture as to Substitute Assets may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute the same instrument. Signature pages may be by fax or email and such signatures shall be deemed as valid originals.

Agreed and consented to:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____          3/8/2020
    ANDREW C. ADAMS                           DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007

ALBERT SHINDER
Defendant

By: _____          _____
    ALBERT SHINDER                            DATE

By: _____          _____
    WAYNE GOSNELL, ESQ.                       DATE
    Attorney for the Defendant
    Clayman & Rosenberg, LLP
    350 Madison Ave, Suite 1301
    New York, NY 10165

SO ORDERED:

_____              March 13, 2020
HONORABLE DENISE L. COTE                     DATE
UNITED STATES DISTRICT JUDGE

21. The signature page of this Consent Preliminary Order of Forfeiture as to Substitute Assets may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute the same instrument. Signature pages may be by fax or email and such signatures shall be deemed as valid originals.

Agreed and consented to:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____  _____
    ANDREW C. ADAMS                       DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007

ALBERT SHINDER
Defendant

By: _____[signature]_____  3/3/20
    ALBERT SHINDER                        DATE

By: _____[signature]_____  3/3/20
    WAYNE GOSNELL, ESQ.                   DATE
    Attorney for the Defendant
    Clayman & Rosenberg, LLP
    350 Madison Ave, Suite 1301
    New York, NY 10165

SO ORDERED:


_____  _____
HONORABLE DENISE L. COTE              DATE
UNITED STATES DISTRICT JUDGE