```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-23-2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA                :    **FINAL ORDER OF FORFEITURE**
                                        :
              -v.-                      :    S2 14 Cr. 623 (DLC)
                                        :
ALBERT SHINDER,                         :
                                        :
              Defendant.                :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about September 14, 2015, the Court entered a Preliminary Order of Forfeiture/Money Judgment (D.E. 72) with respect to the Defendant, imposing a forfeiture money judgment in the amount of $1,099,900.00 in United States currency (the "Money Judgment");

WHEREAS, to date, the full amount of the Money Judgment remains outstanding;

WHEREAS, on or about March 16, 2020, this Court entered a Consent Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (D.E. 101), which ordered the forfeiture to the United States of all right, title and interest of ALBERT SHINDER (the "Defendant") in the following assets consisting of pieces of jewelry seized by the Government on or about May 21, 2014, in which the Defendant has an ownership interest:

   a.   One gents Rolex watch, Daytona stainless steel, black dial, model # 116520, serial # V926794, appraised value $9,000.00;

   b.   One (consisting of two pieces) gents 18K yellow and white gold "BARAKA" chain with circular pendant "BVLGARI" 54.2 DWT, appraised value $2,200.00;

   c.   One gents 18K yellow and white gold ring "BARAKA" containing 3 round full cut diamonds, approximately .30pts, H color VS2, "movable channel set," 8.30DWT, appraised value $500.00;

    d.    One gents 18K yellow and white gold "BARAKA" bracelet with 9 round full cut diamonds, approximately ½ ct, H color SI1 clarity, channel set, 22.7DWT, appraised value $1,200.00;

    e.    One gents 18K yellow gold diamond ring containing 13 round full cut diamonds, approximately .60pts, J color, VS2/SI1 clarity, center round brilliant cut, 7.3mm x 3.6mm, approximately 1.30ct, I color, I1 clarity, 10.20DWT, appraised value $3,200.00; and

    f.    One gents 18K yellow gold "Ulysse Nardin" San Marco Hourstriker watch model #756-88/E2, serial# 35, with deployment clasp, appraised value $48,000.00;

(a. through c., collectively, the "Seized Assets" and d. through f., collectively, the "Substitute Assets");

WHEREAS, the Substitute Assets Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the United States' intent to dispose of the Seized Assets and the Substitute Assets, and the requirement that any person asserting a legal interest in the Seized Assets and the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Substitute Assets Order further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Seized Assets and the Substitute Assets and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Seized Assets

and the Substitute Assets before the United States can have clear title to the Seized Assets and the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on July 7, 2020, for thirty (30) consecutive days, through August 5, 2020, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on September 22, 2020 (D.E. 104);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Seized Assets and the Substitute Assets have been filed;

WHEREAS, the Defendant is the only persons and/or entities known by the Government to have a potential interest the Seized Assets and the Substitute Assets;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

WHEREAS, pursuant to the Substitute Assets Order, the Government shall accept a payment from the Defendant in the amount of $11,700 in United States currency, the combined appraised value of the Seized Assets, in lieu of the forfeiture of the Seized Assets (the "Settlement Payment");

WHEREAS, the Defendant shall remit the Settlement Payment to the Government, paid by postal money order, bank or certified check, made payable to the United States Marshals

Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One Saint Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

WHEREAS, upon receipt, the Settlement Payment shall be applied towards the partial satisfaction of the Money Judgment;

WHEREAS, upon receipt of the Settlement Payment, the Government shall arrange for the return of the Seized Assets to the Defendant; and

WHEREAS, in the event that the Defendant fails to provide the Settlement Payment to the Government within 30 days of the Court's entry of this Final Order of Forfeiture, the Government shall forfeit the Seized Assets as substitute assets to be applied against the outstanding Money Judgment.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Assets is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Assets.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. Pursuant to the Substitute Assets Order, the Government shall accept a payment from the Defendant in the amount of $11,700 in United States currency, the combined appraised value of the Seized Assets, in lieu of the forfeiture of the Seized Assets (the "Settlement Payment").

4

5. The Defendant shall remit the Settlement Payment to the Government. The Settlement Payment shall be paid by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One Saint Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

6. Upon receipt, the Settlement Payment shall be applied towards the partial satisfaction of the Money Judgment.

7. Upon receipt of the Settlement Payment, the Government shall arrange for the return of the Seized Assets to the Defendant.

8. In the event that the Defendant fails to provide the Settlement Payment to the Government within 30 days of the Court's entry of this Final Order of Forfeiture, the Government shall forfeit the Seized Assets as substitute assets to be applied against the outstanding Money Judgment.

9. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
September 23, 2020

SO ORDERED:

_____
DENISE COTE
United States District Judge